Original

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLO.

AUG 28 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. **06 - CV - 01698**
(To be supplied by the court)

Vernell McKnight Jr., Plaintiff,
Pro Se Prisoner

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 4 2006

GREGORY C. LANGHAM
CLERK

v.

Elizabeth A. Shumaker, Officially / Individually
Douglas E. Cressler, Officially / Individually
And The U.S. Attorney For The District of Denver, Colorado  (Attorney For Defendants)

_____,

_____,

_____,

_____,

_____, Defendant(s).

(List each named defendant on a separate line.)

**PRISONER COMPLAINT**

(Rev. 9/02/04)

## A. PARTIES

1. _Vernell McKnight Jr. #114384_
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   _Mack Alford Corr. Ctr. P.O. Box 220 - Unit C-214 - Stringtown, Okla. 74569-0220_

2. _Mr. Douglas E. Cressler, Deputy Court Clerk_
   _Byron White U.S. Cthse. U.S. Ct. of Appeals_
   (Name, title, and address of first defendant)
   _Denver Colorado 80257_

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes _X_ No (CHECK ONE). Briefly explain your answer:
   _Did this defendant abuse his discretion arbitrarily to FRAP 45(a)(2) and FRAP 25.(a)(3) and (4)? Yes. See defendant letter (Exhibit A.3.)._

3. _Ms. Elizabeth A. Shumaker, Clerk_
   _Byron White_ (Name, title, and address of second defendant) _1823 Stout St._
   _U.S. Cthse. U.S. 10th Cir Ct. of Appeals Denver Co. 80257_

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes _X_ No (CHECK ONE). Briefly explain your answer:
   _Did this defendant abuse her discretion arbitrarily to FRAP 45(a)(2) and FRAP 25(a)(3) and (4)? Yes. See defendant letters (Exhibit A.1 and A.2.)._

4. _N/A_
   (Name, title, and address of third defendant)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of ~~state law?~~ ~~Yes~~ ~~No~~ (CHECK ONE). Briefly explain your answer:
   _Defendants was acting under the color of federal law in violation of 28 U.S.C. 1331(a)_

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 9/02/04)                                                2

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

   **N/A**    28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

   **✓**    28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

   I invoke jurisdictions: 28 U.S.C. 1330(b), 28 U.S.C. 1391(e) and 28 U.S.C. 1361, 28 U.S.C. 1331(a).

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

Firstly, defendant Cressler, clearly abused his discretion when he arbitrarily exercised his authority contrary to that of the judiciary and congressional law by failing to file my motion to "Recall Mandate," in violation of FRAP 45(b)(2) and FRAP 25(a)(3)(4). Although plaintiff case was closed, he has a clear right to have the Circuit Court to recall its judgment under a intervening change of law. *McGhee v. Draper*, 639 F.2d at 646 (10th 1981) and *Allen v. Massie*, 236 F.3d at 1245 (10th 2001). Defendant Cressler, violated substantive Due Process to *McNeil v. Guthrie*, 945 F.2d at 1165 (10th 1991). Because Cressler's duties were ministerial and not judicial, his action was beyond his jurisdiction by refusing to file plaintiff's papers. See (Exhibit A.1, Respondent's March 29, 2006 letter). See also, (Exhibit A.2, Respondent's April 18, 2006 letter). Plaintiff's right to Writ of Mandamus is clear and undisputable, since he has no adequate available remedy at law.

(Rev. 9/02/04)         3      ( Continued at P. 3.a )

Part II
C. Nature of the Case

A.

Plaintiff was again excluded from federal court review when he sent a letter to the office of Tenth Circuit Court Judge Ms. Stephanie K. Seymour on April 13th 2006, at 4562 U.S. Chse., 333 W. 4th St., Tulsa, OK. 74103-3877.

Plaintiff's letter requested leave to file his "Recall Mandate" motion with Circuit Court Judge Ms. Seymour, per: F.R.A.P. 25 (a) at (3).

Again respondent Cressler abused his discretion contrary to F.R.A.P. 25(a)(4) and FRAP 45(a)(2) by not filing plaintiff's document to "Recall Mandate".

B.

Moreover, on June 12, 2006, a motion to Proceed In Forma Pauperis, motion and Application For Relief Addressed To Chief Judge Tacha, Per. F.R.A.P. 25(a)(3). Requesting an order from the Circuit Court Chief Judge to grant McKnight leave to resubmit his "Recall Mandate" motion for filing.

Plaintiff McKnight was arbitrarily denied the right to have this motion and application filed by defendant Ms. Shumaker, Clerk, See (Exhibit A.3. Letter of Shumaker)

The Clerk office further abused their discretion contrary to law. Leaving McKnight with no adequate remedy. The right to a mandamus is clear and undisputable.

3.a

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: **Was Plaintiff denied Substantive Due Process?**
   Supporting Facts: **Yes!** Plaintiff was denied substantive due process in violation of and contrary to federal law when defendant Cressler abused his discretion by refusing to file plaintiff's "motion to Recall" Case No. 89-5163 "McKnight v. White," based on a intervening change of law rendered by the U.S. Supreme Court in 2004.
   The date and facts of this abuse of discretion and usurpation of power is shown on two occassions by defendant Cressler's letters in (Exhibits A.1 and A.2). Cressler's actions violates FRAP 25(a)(4) and FRAP 45(a)(2), and further violates Substantive Due Process to McNeil v. Guthrie, 945 F.2d at 1165 (10th 1991).
   Cressler was without jurisdiction each time he failed to file McKnight's papers. Cressler clearly abused his discretion leaving plaintiff with no other available adequate remedy of law accept a writ of Mandamus.
   Plaintiff has a clear right to Mandamus Relief since he has a clear right to have his motion to recall mandate filed under Allen v. Massie 236 F.3d at 1245 (10th 2001) and FRAP 25(a)(3) and (4). See McNiel, Id. 945 F.2d at 1165 (10th 1991). Mandamus should issue compelling the Clerk officers to file plaintiffs Motion to Recall Mandate in Case No. 89-5163.

2. Claim Two: <u>Was Plaintiff denied Substantive Due Process By Clerk Shumaker?</u>

Supporting Facts: <u>Yes! Plaintiff was denied Substantive Due Process contrary to federal law when defendant Shumaker arbitrarily and abusively failed to file plaintiffs papers shown in (Exhibit A.3. Ms. Shumaker's letter dated 6-12-06)</u>

Based upon the facts shown in (Exhibit A.3.) It is clear that Ms. Shumaker abused her discretion arbitrarily and contrary to "Fed-law" by failure to file petitioner's Motion For Leave to Proceed in Forma Pauper's and Motion and Application For Relief Addressed to Chief Judge Tacha. See (Exhibit A.3. Shumaker's letter refusing filing).

Ms. Shumakers actions also violates FRAP 25(a)(4) and McNeil v. Guthrie, 945 F.2d at 1165, (10th 1991) and FRAP. 25(a)(2) and also FRAP. 25(a)(3).

Consequently the facts shows that McKnight has shown a clear abuse of discretion by Ms. Shumakers arbitrary conduct and usurpation of power, leaving him with no alternative for relief. The issuing of a writ of Mandamus is clear and undisputable in this case. Based on the facts and the law of FRAP. 25(a)(3)+(4), Id. McNeil, 945 F.2d at 1165, (10th 1991) and the right to recall a mandate, should of put the Clerk officers on notice to file McKnights Motion to Recall. Per Allen v. Massie, 236 F.3d at 1245 (10th 2001) and FRAP. 27(a) et. seq.

An Order should issue directing the Tenth Circuit Clerks to file his "Recall Mandate Motion".

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: *McKnight v. White*

2. Docket number and court name: *86-C-558-E Tulsa N.D. U.S. Ct. 89-5163 Tenth Cir. Ct. App.*

3. Claims raised in prior lawsuit: *See Website*

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): *Denied Relief Unjustly*

5. If the prior lawsuit was dismissed, when was it dismissed and why? *N/A*

6. Result(s) of any appeal in the prior lawsuit: *Manifest Injustice Denial*

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   ___ Yes ___ No (CHECK ONE).  *N/A*

2. Did you exhaust available administrative remedies?  *N/A*  ___ Yes ___ No (CHECK ONE).

   If yes, either attach copies or describe with specificity how you have exhausted administrative remedies. If no, briefly explain why not:
   *N/A*

(Rev. 9/02/04)

6

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

Accordingly, Mandamus relief should be granted: Directing Defendants and any other Federal employee working as a Clerk or Deputy Clerk to file petitioner's Motion to Recall the Mandate in Case No. 89-5163 under a intervening change of law established by the U.S. Supreme Court in 2004 some four (4) years after the Tenth Circuit denied petitioner's Recall motion in October 2000. Intervening law is applicable to Habeas Corpus actions. Worthen v. Kaiser, 952 F.2d 1266, at 1268, [2] (10th Cir. 1992). So is "Recall Motions" Allen v. Massie, 236 F.3d at 1245, [3] (10th 2000). Filing is Mandatory Per. Fed.R.Civ.Proc. Rule 5.(e).

### DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on August 9, 2006
(Date)

Vernell McKnight Jr.
(Prisoner's Original Signature)

Certificate of Service
I certify on this 9 day of August 2006, under the penalty of perjury Per 28 U.S.C. 1746, that I mailed this complaint and Summons with a Motion to the Clerk Mr. Gregory C. Langham, at U.S. District Court Colorado, 901 19th Street, Rm A-105, Denver Colorado 80294-3589. Requesting the Clerk to serve the defendants Per Rule 4(i)(2)(B) and serve the U.S. Attorney Per Rule 4(i)(1)(A) F.R.C.P.

x Vernell McKnight Jr. #114384
Mack Alford Corr Ctr.
P.O. Box 220, Unit C-214
Stringtown, OK. 74569-0220

(Rev. 9/02/04)

-7-

# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

March 29, 2006

Mr. Vernell McKnight, Jr.
#114384   Unit C-214
Mack Alford Correctional Center
P.O. Box 220
Stringtown, OK 74569,   74569

Re:   89-5163, McKnight v. White
      Dist/Ag docket:  86-C-558-E,

Dear Mr. McKnight:

We are returning the "Motion to Recall Mandate Sua Sponte" in the captioned case. The check No. 018527 in the amount of $255 is being returned to the Official Depository at your facility.

The court issued its opinion in Case No. 89-5163 (McKnight v. White) on May 23, 1990, over fifteen years ago, when it affirmed the district court's denial of your federal habeas petition. Rehearing was denied. See also Case No. 95-5043 (affirmance of denial of motion to vacate judgment). Although you were on one occasion permitted to file a motion to recall the mandate in Case No. 89-5163 that was denied in October 2000, our current policies and practices will not allow you to once again seek to have the mandate recalled. Case No. 89-5163 is at an end.

We regret we cannot be of greater assistance.

Sincerely,

Douglas E. Cressler
Chief Deputy Clerk

Received April 4, 2006

Petitioner's
Ex. A.1

# UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT
Office of the Clerk
Byron White United States Courthouse
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

April 18, 2006

Vernell McKnight, Jr.
#114384
Mack Alford Correctional Center
P.O. Box 220 (C-214)
Stringtown, OK 74569-0220

    Re: Case No. 89-5163

Dear Mr. McKnight:

    The letter you sent to a member of this court was referred to this office for disposition. As we explained to you in our letter of March 29, 2006, the appeal you reference in your letter, Case No. 89-5163, was concluded over fifteen years ago. That appeal is at end and the document you tendered to the judge cannot be accepted for filing.

    We regret we cannot be of greater assistance.

Sincerely,

Douglas E. Cressler
Chief Deputy Clerk

*Petitioner's Ex. A.2.*

## UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT
Office of the Clerk
Byron White United States Courthouse
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

June 12, 2006

Vernell McKnight
# 114384
Mack Alford Correctional Center
Unit C-214
P.O. Box 220
Stringtown, Oklahoma 74569-0220

Re:  Materials Received on June 12, 2006

Dear Mr. McKnight:

Your *Motion For Leave To Proceed In Forma Pauperis* and *Motion And Application For Relief Addressed To Chief Judge Tacha* were received here on this date and referred to me for a response. Checking our docket, I note you do not have any matters open here at this time. As a result, we are unable to file your *Motion*. In addition, I note previous correspondence in which we have advised that your earlier appeal, number 89-5163, is closed. While I understand your *Motion* to seek some sort of relief against Chief Deputy Douglas Cressler, you may not do so as an original proceeding in this court. If you wish to find out more about your procedural options I urge you to speak with an attorney. For your convenience, we are returning these pleadings to you.

Very truly yours,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

*Petitioner's Exhibit A.3*