IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 06-cv-01698-ZLW

VERNELL McKNIGHT, JR.,

      Plaintiff,

v.

ELIZABETH A. SHUMAKER, Officially/Individually,
DOUGLAS E. CRESSLER, Officially/Individually, and
THE U.S. ATTORNEY FOR THE DISTRICT OF DENVER, COLORADO,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 6 2006

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Vernell McKnight, Jr., has filed *pro se* on October 6, 2006, a document titled "Motion to Amend Void Judgment/Motion Upon Affidavit for Senior Judge Zita L. Weinshienk to be Excluded From Any Further Participation in This Cause of Action Based on Bias and Prejudicialness to Plaintiff's Case at Bar." Mr. McKnight asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on September 25, 2006, and he asks the Court to recuse itself from the instant action. The Court must construe the motions liberally because Mr. McKnight is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motions will be denied.

The Court first will address the motion to recuse. The motion is asserted pursuant to 28 U.S.C. § 144. Section 144 provides a procedure whereby a party to a

proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Mr. McKnight asks the Court to recuse itself because the Court entered an order dismissing the instant action. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the motion to recuse will be denied.

The Court next will address the motion to reconsider the order dismissing the instant action. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. McKnight's motion to reconsider was filed within ten days after the Court's Order and Judgment of Dismissal. *See* Fed. R.

2

Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays).  Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action because Mr. McKnight seeks mandamus relief against officers of the United States Court of Appeals for the Tenth Circuit.  He specifically seeks an order from this Court directing officers of the Tenth Circuit to file his motion to recall the mandate in a case in that court.  The Court determined that mandamus relief was not appropriate in these circumstances because this Court cannot order officers of a higher court to take an action.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. McKnight fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).  Mr. McKnight does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice.  Therefore, the motion to reconsider will be denied.  Accordingly, it is

ORDERED that the "Motion to Amend Void Judgment/Motion Upon Affidavit for Senior Judge Zita L. Weinshienk to be Excluded From Any Further Participation in This Cause of Action Based on Bias and Prejudicialness to Plaintiff's Case at Bar" filed on October 6, 2006, is denied.

DATED at Denver, Colorado, this _25_ day of ____Oct____, 2006.

BY THE COURT:

_____

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01698-BNB

Vernell McKnight, Jr.
Prisoner No. 114384
MacK Alford Corr. Center
PO Box 220 - Unit C 214
Stringtown, OK 74569-0220

    I hereby certify that I have mailed a copy of the **ORDER**  to the above-named individuals on _10/26/06_

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk